HeNbersoN, Judge,
 

 delivered the opinion of the Court:
 

 The first exception is, that thé statute of James was repealed before the trial. The Defendant was indicted upon no statute, but for the Common Law offence of murder. The statute of James creates no offence, but gives to certain circumstances mentioned in the statute a Segal weight and import which they did not possess before, and throws the burthen of proof that the child was born alive on the mother. Thus far did the statute go, and no further. But could we perceive from the record that the Judge, in his charge to the Jury, directed them to give to those circumstances the weight given by the. statute, (the statute, being repealed by our Legislature after the offence and before the trial,) we should not hesitate a moment to grant a new trial, but it does not appear that such was the case.
 

 It is next alleged, that the evidence of the manner of killing does not comport with the charge: that the charge is a killing by clioaking and strangling, and the evidence proves a stroke or beating, What the evidence proves is
 
 *482
 
 peculiarly the province of the Jury to say. With this, the ®ourt has nothing to do; nor can the Court grant a new trial because the Jury have found contrary to evidence. -g was the, duty of the presiding Judge to inform the Jury that the kind of death laid must be
 
 proved;
 
 that a poisoning did not support a charge of beating or of strangling, or
 
 vice versa.
 
 But whether the evidence offered proved the one or the other, was a question of fact solely for the Jury. What the Judge did.in this case does not appear; and if any thing is to he taken by presumption, it is to be presumed that he did his duty. We can, therefore, see no reason why a new trial should he granted, or the judgment arrested. There must be judgment of death against the Defendant, which the presiding Judge of Caswell Superior Court will pronounce.
 
 *
 

 *
 

 The case of Sarah Jeffreys furnishes another instance of the difference of opinion which men will form of the same transaction, even upon the same evidence, at different times. She was tried a few months after the death of her child, and whilst the prejudice, which a charge of murder never fails to create against the person accused, was in full force. Elizabeth Combs was indicted as an accomplice in the murder, and convicted also: but the Court granted a new trial; and at the Court where sentence of death was pronounced upon Sarah Jeffreys, her trial again came on, and the evidence was given at length. This was twelve months after the conviction of Sarah Jeffreys, when prejudice had died away, and the whole case could be examined without feeling. Upon this trial the Court and the Jury were of opinion that the evidence scarcely afforded a presumption of guilt in the principal, and, of course, the accomplice was acquitted. A representation of the case was made to his excellency Governor Branch, wrho granted a pardon.